1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8
9

JANICE ROBINSON, as natural mother of her
minor child JAWUAN ROBINSON, and
JAWAUN ROBINSON, a minor,

10

        Plaintiffs,

Case No. 2:14-cv-00298-APG-GWF

11

vs.

**ORDER**

12

EVERETT GRAVES, individually and in his
official capacity as Juvenile Detention Assistant,
*et al.*,

13
14

        Defendants.

15
16

    This matter is before the Court on Plaintiff's Emergency Motion to Reconsider Magistrate's

17

Order #40 (#44), filed on October 15, 2014.  Defendant Everett Graves filed his Response (#50) on

18

October 24, 2014.  Co-Defendants Clark County, Robert Grundy, Howard Stone, Christopher Price

19

and John Martin filed their Joinder to Defendant Graves' Response (#51) on October 27, 2014.

20

Plaintiff filed his Reply (#52) on October 27, 2014.

21

**BACKGROUND AND DISCUSSION**

22

    Prior to the close of discovery on August 13, 2014, the parties, through their counsel, agreed

23

to extend the deadlines for completing discovery, and for filing dispositive motions and the joint

24

pretrial order for a period of ninety (90) days.  The agreement was conditioned on Plaintiff's counsel

25

preparing and submitting a stipulation and order to extend the deadlines.  Plaintiff's counsel did not

26

forward to Defendants a stipulation to extend the deadlines as agreed.  On August 11, 2014, two days

27

before the discovery cut-off,  Plaintiff filed an Emergency Motion for Extension of Time (#19),

28

requesting a sixty day extension of the discovery deadline.  Plaintiff did not state in his motion that

there was any agreement between the parties to extend the discovery period.  Defendants filed

1  oppositions to Plaintiff's motion on August 14 and 15, 2014, in which they argued that Plaintiff had

2  failed to show good cause or excusable neglect for moving for a discovery extension only two days

3  before the discovery-cutoff date.  The Court denied Plaintiff's motion to extend discovery on August

4  27, 2014.  *See Order (#23).*

5      Plaintiff did not promptly move for reconsideration or relief from the order denying her

6  request for an extension of discovery and the other deadlines.  On September 11 and 12, 2014, the

7  Defendants filed their motions for summary judgment.  On September 25, 2014, Plaintiff filed an

8  Emergency Motion to Compel Stipulated Depositions, for Sanctions and Extended Time to Oppose

9  Defendants' Motions for Summary Judgment (#26).  Defendants also opposed this motion based on

10  the Court's denial of Plaintiff's earlier motion and also on the grounds that Plaintiff had failed to

11  pursue discovery during the discovery period.  The Court conducted a hearing on October 7, 2014 at

12  which time it denied Plaintiffs' motion to compel depositions and for sanctions.  *See Minutes of*

13  *Proceedings (#40).*  The Court did, however, grant Plaintiff additional time to file responses to

14  Defendants' motions for summary judgment.  *Order (#43).*

15      Plaintiff now requests that the Court reconsider its order(s) denying Plaintiff's motion(s) to

16  extend the deadlines so that Plaintiff could depose Defendants and potentially use their deposition

17  testimony in opposing their motions for summary judgment.  In support of his motion for

18  reconsideration, Plaintiff calls the Court's attention to the interim status report that the Defendants

19  filed on July 24, 2014 in which they stated that "[t]he parties have agreed to extend the discovery

20  deadline, the dispositive motion deadline and the pre-trial order deadline by ninety (90) days.  A

21  Stipulation to Extend Discovery will be filed forthwith."  *Defendants' Interim Status Report (#18),*

22  *pg. 3.*

23      The Court was not aware of the parties' agreement to extend the discovery and other

24  deadlines when it denied Plaintiff's Emergency Motion (#19) on August 27, 2014 because Plaintiff

25  made no mention of such an agreement and did not call the court's attention to the Defendant's

26  interim status report.  In denying Plaintiff's Emergency Motion (#26) on October 7, 2014, however,

27  the Court was aware that the parties had agreed in July 2014 to extend the discovery period by ninety

28  days.  Court, however, denied Plaintiff's emergency motion because Plaintiff failed to act diligently

in preparing and submitting the stipulation to extend the deadlines, as the parties had agreed, prior to the close of discovery of discovery on August 13, 2014. Secondly, after the Court denied the motion to extend the discovery deadlines on August 27, 2014, Plaintiff did not act expeditiously to move for reconsideration or relief from that order. Instead, Plaintiff took no action until nearly a month later, on September 25, 2014, which was after Defendants' filed their motions for summary judgment. Defendants also objected to Plaintiff's second motion to take their depositions based on the fact that they had now filed their motions for summary judgment. The Court finds that Plaintiff has not presented new evidence which could not have been included in his original motions, or otherwise shown good cause for the Court to reconsider its previous orders in this matter. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Reconsider Magistrate's Order #40 (#44) is **denied**.

DATED this 2nd day of January, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3